IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN SIMINICK, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| CITY OF HERMITAGE, | ) | |
| a municipal corporation, | ) | |
| CITY OF SHARON, | ) | |
| a municipal corporation, | ) | |
| BOROUGH OF SHARPSVILLE, | ) | |
| a municipal corporation, | ) | |
| JOEL RISTVEY, in his | ) | |
| official and individual capacities, | ) | |
| ERIC JEWELL, in his | ) | |
| official and individual capacities, | ) | |
| BRIAN BLAIR, in his | ) | |
| official and individual capacities, | ) | |
| JUSTIN ERICKSON, in his | ) | |
| official and individual capacities, | ) | |
| CAMILLO JAMES DILORENZO, in his | ) | |
| official and individual capacities, | ) | |
| MICHAEL MARTIN, in his | ) | |
| official and individual capacities, | ) | |
| JAMES ROGERSON, in his | ) | |
| official and individual capacities, | ) | |
| KEITH FALASCO, in his official | ) | |
| and individual capacities, | ) | |
| MATTHEW SHARP, in his | ) | |
| official and individual capacities, | ) | |
| MIKE MENSTER, in his | ) | |
| official and individual capacities, | ) | |
| MARK JOHNSON, in his | ) | |
| official and individual capacities, | ) | |
| THOMAS KUSTER, in his | ) | |
| official and individual capacities, | ) | |
| ROY HAMOR, in his | ) | |
| individual capacity, | ) | |
| PATRICK O'MAHONEY in his | ) | |
| official and individual capacities, | ) | |
| GARY HINKSON, in his | ) | |
| official and individual capacities, | ) | |

KATHRYN EKKER, in her            )
official and individual capacities,    )
PHIL MARRIE, in his official        )
and individual capacities,          )
JAMES FEENEY, in his official       )
and individual capacities,          )
JAY PAUL, in his official           )
and individual capacities,          )
DEBBIE FAIT, in her official        )
and individual capacities,          )
JOHN and/or JANE DOE, in their      )
individual and official capacities,    )    *Electronically filed.*
                                    )
        Defendants.                 )

## COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, GLENN SIMINICK, by and through his attorneys,

LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, and

MASSIMO A. TERZIGNI, ESQUIRE, and hereby files this Complaint in a Civil Action as

follows:

## JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of various civil rights

guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in

furtherance thereof, including 42 U.S.C. § 1983.

2.      Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3).  Plaintiff further invokes the

pendant jurisdiction of this Court to consider claims arising under Counts V and VI.

3.      Venue is proper as all claims set forth herein arose in the Western District of

Pennsylvania, and the Plaintiff, Glenn Siminick, resides in the Western District of Pennsylvania.

## PARTIES

4.      Plaintiff, Glenn Siminick, is an adult male resident of the Commonwealth of Pennsylvania, residing in Mercer County, Pennsylvania.

5.      Defendant, City of Hermitage ("Hermitage"), is a Pennsylvania municipal corporation with administrative offices located at 800 North Hermitage Road, Hermitage, Pennsylvania 16148, and at all times relevant to this Complaint, acted by and through its officials, including but not limited to Defendants listed in Paragraphs 9, 10, 11, 12, 13, 14 and 15.  The Hermitage City Police Department is a division of Defendant Hermitage, empowered to create and enforce municipal policy, including but not limited to charging individuals with crimes.

6.      Defendant, City of Sharon ("Sharon"), is a Pennsylvania municipal corporation with administrative offices located at 155 West Connelly Boulevard, Sharon, Pennsylvania 16146, and at all times relevant to this Complaint, acted by and through its officials, including but not limited to Defendants listed in Paragraphs 18 and 19.  The Sharon City Police Department is a division of Defendant Sharon empowered to create and enforce municipal policy, including but not limited to charging individuals with crimes.

7.      Defendant, Borough of Sharpsville ("Sharpsville"), is a Pennsylvania municipal corporation with administrative offices located at 1 South Walnut Street, Sharpsville, Pennsylvania 16150, and at all times relevant to this Complaint, acted by and through its officials, including but not limited to Defendants listed in Paragraphs 16 and 17.  The Borough of Sharpsville Police Department is a division of Defendant Sharpsville empowered to create and enforce municipal policy, including but not limited to charging individuals with crimes.

8.      Defendants Hermitage, Sharon and Sharpsville will be referred to collectively as the "Defendant Municipalities."

9.      Defendant, Joel Ristvey ("Ristvey"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was the Chief of the Hermitage City Police Department purporting to act within the full scope of his authority and office.  Defendant Ristvey participated in or ratified the unlawful conduct of the officers of the Hermitage City Police Department named herein.

10.     Defendant, Eric Jewell ("Jewell"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was a law enforcement officer employed by the Hermitage City Police Department purporting to act within the full scope of his authority and office.

11.     Defendant, Brian Blair ("Blair"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was a law enforcement officer employed by the Hermitage City Police Department purporting to act within the full scope of his authority and office.

12.     Defendant, Justin Erickson ("Erickson"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was a law enforcement officer employed by the Hermitage City Police Department purporting to act within the full scope of his authority and office.

13.     Defendant, Camillo James Dilorenzo ("Dilorenzo"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was a law enforcement officer employed by the Hermitage City Police Department purporting to act within the full scope of his authority and office.

14.     Defendant, Michael Martin ("Martin"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this

Complaint, the Defendant was a law enforcement officer employed by the Hermitage City Police Department purporting to act within the full scope of his authority and office.

15.     Defendant, James Rogerson ("Rogerson"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was a law enforcement officer employed by the Hermitage City Police Department purporting to act within the full scope of his authority and office.

16.     Defendant, Keith Falasco ("Falasco"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was the Chief of the Sharpsville Borough Police Department purporting to act within the full scope of his authority and office.  Defendant Falasco participated in or ratified the unlawful conduct of the officers of the Sharpsville Borough Police Department.

17.     Defendant, Mathew Sharp ("Sharp"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was a law enforcement officer employed by the Borough of Sharpsville Police Department purporting to act within the full scope of his authority and office.

18.     Defendant, Mike Menster ("Menster"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was the Chief of the Sharon City Police Department purporting to act within the full scope of his authority and office.  Defendant Menster participated in or ratified the unlawful conduct of the officers of the Sharon City Police Department.

19.     Defendant, Mark Johnson ("Johnson"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this

Complaint, the Defendant was a law enforcement officer employed by the Sharon City Police Department purporting to act within the full scope of his authority and office.

20.    Defendants Ristvey, Jewell, Blair, Erickson, Dilorenzo, Martin, Rogerson, Falasco, Sharp, Menster and Johnson will be referred to collectively as the "Defendant Officers."

21.    Defendant, Thomas Kuster ("Kuster"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was the Solicitor of Defendant Hermitage purporting to act within the full scope of his authority and office.

22.    Defendant, Roy Hamor ("Hamor"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant participated in the illegal acts described hereinafter below.

23.    Defendant, Patrick O'Mahoney ("O"Mahoney"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was the General Manager of Buhl Park purporting to act within the full scope of his authority and office.  Buhl Park is more fully identified at Paragraph 31 below.

24.    Defendant, Gary Hinkson ("Hinkson"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was the President of the Board of Directors of Buhl Park.  In addition, at all times relevant to this Complaint, Defendant Hinkson was the City Manager of Defendant Hermitage purporting to act within the full scope of his authority and office.

25.    Defendant, Kathryn Ekker ("Ekker"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint,

the Defendant was a member of the Board of Directors of Buhl Park purporting to act within the full scope of her authority and office.

26.     Defendant, Phil Marrie ("Marrie"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was a member of the Board of Directors of Buhl Park purporting to act within the full scope of his authority and office.

27.     Defendant, James Feeney ("Feeney"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was a member of the Board of Directors of Buhl Park purporting to act within the full scope of his authority and office.

28.     Defendant, Jay Paul ("Paul"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was an employee at Buhl Park purporting to act within the full scope of his employment.

29.     Defendant, Debbie Fait ("Fait"), is a United States citizen.  Plaintiff believes that the Defendant is a resident of Mercer County, Pennsylvania.  At all times relevant to this Complaint, the Defendant was an employee at Buhl Park purporting to act within the full scope of her employment.

30.     Defendant(s), John and/or Jane Doe, unknown in name and number, were at all times relevant to this Complaint, law enforcement officer(s), officials of Defendant Hermitage and or members of the Board of Directors of Buhl Park purporting to act within the full scope of their authority.  Plaintiff believes, and therefore avers, that these Defendant(s) participated in the illegal acts described hereinafter below.

31.    The actions of the Defendants, and each of them, described herein are part of an unlawful pattern and course of conduct intended to harm the Plaintiff.  Each and all of the acts described below were committed with reckless disregard and/or deliberate indifference to the constitutional rights of the Plaintiff.  As a direct and proximate result thereof, the Defendants violated the Plaintiff's constitutional rights as stated herein.

<u>FACTUAL ALLEGATIONS</u>

32.    Buhl Park is a tax-exempt, non-profit organization under 26 U.S.C. §501(c)(3) operating a public park by the same name located at 715 Hazen Road, Hermitage, Pennsylvania 16148.  A board of directors governs Buhl Park.  Buhl Park is bordered by Defendants Sharon and Sharpsville.

33.    Buhl Park is located across the street from Plaintiff's residence that is located in Defendant Sharpsville.

34.    In or about May 2012, Plaintiff was appointed to Buhl Park's Wildlife Preservation Board.

35.    At his first meeting as a member of the Wildlife Preservation Board, Plaintiff openly criticized Defendants Kuster, O'Mahoney, Fait and Marrie when he voiced his concerns  about misappropriation of park funds by Buhl Park officials.

36.    Shortly thereafter, Plaintiff was constructively removed from the Wildlife Preservation Board when he was no longer informed of meeting times and places and his phone calls to other board members were not returned.

37.    Plaintiff avers that his criticisms of Defendants Kuster, O'Mahoney, Fait and Marrie triggered a course of conduct aimed at harming the Plaintiff.  Specifically, Defendant Kuster

used his position of authority and the significant influence attendant thereto in the Defendant Municipalities and Buhl Park in order to conspire with all other individual Defendants to harass the Plaintiff and to violate his constitutional rights by wrongfully arresting him and charging him with crimes without probable cause to do so.

38.     In September 2012, after being constructively removed from the Wildlife Preservation Board, Plaintiff received a letter from Defendant O'Mahoney stating that Plaintiff was no longer allowed to walk his dogs in Buhl Park. The letter referenced a fabricated event where Plaintiff's dog allegedly attacked another patron's dog.

39.     On or about May 1, 2013, Plaintiff was assaulted by Defendant Hamor in Buhl Park when Defendant Hamor grabbed Plaintiff's hair and punched him in the head and attempted to kick Plaintiff multiple times. At that time, Defendant Hamor was dating Defendant Kuster's secretary. Plaintiff believes that Defendant Kuster conspired with Defendant Hamor to harass and assault the Plaintiff as described above. On at least one occasion, Defendant Hamor made remarks that contained information which could only have come from Defendant Kuster or someone directly associated with Buhl Park.

40.     After the incident occurred, Defendant Hamor, acting in conspiracy with Defendants Kuster, Ristvey, Jewell, Blair, Erickson, Dilorenzo, Martin and/or Rogerson, conspired to make false claims about the Plaintiff in order to effect Plaintiff's wrongful arrest on false charges including harassment and disorderly conduct. Defendant Erickson brought these false charges. Defendant Erickson knew or should have known, through the exercise of the minimal level of professional scrutiny expected of a police officer of average skill and experience, that the claims made by Defendant Hamor regarding this incident were false, and that no probable cause existed to bring these charges against the Plaintiff.

41.    At a summary trial, Plaintiff was found not guilty of disorderly conduct, and the harassment charge was *nolle prossed* prior to trial.

42.    On or about June 16, 2013, Plaintiff was in Buhl Park for a lawful and proper purpose. Defendant Erickson unlawfully charged Plaintiff with harassment. Defendant Erickson knew or should have known, through the exercise of the minimal level of professional scrutiny expected of a police officer of average skill and experience, that no probable cause existed to bring this charge against the Plaintiff. Plaintiff believes and therefore avers that Defendant Erickson was acting in conspiracy with one or more of the individual defendants to unlawfully charge Plaintiff with trespassing at Buhl Park. Plaintiff was found not guilty at a summary trial on this charge.

43.    After the aforementioned preliminary hearing, the assistant district attorney on duty made the claim to Plaintiff's criminal counsel that Plaintiff had previously been sent a certified letter from an unnamed Buhl Park official indicating that he was prohibited from entering Buhl Park. To date, Plaintiff has not yet received such correspondence. At that time, Plaintiff's criminal attorney informed the assistant district attorney that his client had received no such letter.

44.    On or about September 22, 2013, Defendant Dilorenzo unlawfully charged Plaintiff with trespassing at Buhl Park. Defendant Dilorenzo knew or should have known, through the exercise of the minimal level of professional scrutiny expected of a police officer of average skill and experience, that no probable cause existed to bring this charge against the Plaintiff. Plaintiff was not present in Buhl Park at the time of the alleged criminal conduct and was found not guilty at the summary trial in this matter.

45.    Plaintiff believes and therefore avers that on or about March 7, 2014, Defendant Hamor, acting in conspiracy with Defendant Johnson and one or more of the other individual Defendants, made false claims against the Plaintiff, claiming that the Plaintiff threatened him

with bodily harm.   Defendant Johnson knew or should have known, through the exercise of the minimal level of professional scrutiny expected of a police officer of average skill and experience, that the claims made by Defendant Hamor regarding this incident were false, and that no probable cause existed to bring these charges against the Plaintiff.  Defendant Johnson unlawfully charged Plaintiff with harassment as a result of this incident.  That charge was withdrawn at the summary trial for this charge.

46.    On or about September 10, 2014, Defendant Paul, an employee of Buhl Park, and Defendant Fait, acting in conspiracy with Defendant Martin, falsely claimed to have witnessed Plaintiff walking in a restricted area of the park.  Plaintiff was again unlawfully charged with trespassing at Buhl Park by Defendant Martin.  Defendant Martin knew or should have known, through the exercise of the minimal level of professional scrutiny expected of a police officer of average skill and experience, that the claims made by Defendant Paul and Fait regarding this incident were false, and that no probable cause existed to bring these charges against the Plaintiff.  The trespassing charge was withdrawn and then re-filed against the Plaintiff, and its disposition is currently pending.

47.    On or about October 4, 2014, Defendant Hamor, acting in conspiracy with Defendant Sharp and one or more of the other individual Defendants, made false claims against the Plaintiff, claiming that the Plaintiff threatened him with bodily harm.  On October 30, 2014, Defendant Sharp later charged Plaintiff with making terroristic threats, harassment and disorderly conduct.  Defendant Sharp knew or should have known, through the exercise of the minimal level of professional scrutiny expected of a police officer of average skill and experience, that the claims made by Defendant Hamor regarding this incident were false, and

that no probable cause existed to bring these charges against the Plaintiff.  At the preliminary hearing, the charges were held for trial and their disposition is currently pending.

48.    On or about October 6, 2014, Defendant Fait, acting in conspiracy with Defendant Rogerson, falsely claimed to have seen Plaintiff walking in a restricted area of the park. Plaintiff was again unlawfully charged with trespassing at Buhl Park by Defendant Rogerson.  Defendant Rogerson knew or should have known, through the exercise of the minimal level of professional scrutiny expected of a police officer of average skill and experience, that the claims made by Defendant Fait regarding this incident were false, and that no probable cause existed to bring these charges against the Plaintiff.  The trespassing charge was withdrawn and then re-filed against the Plaintiff, and its disposition is currently pending.

49.    Plaintiff believes all of the actions of the Defendant Officers described above were taken in agreement with and at the behest of Defendants Kuster, O'Mahoney, Hinkson, Fait, Marrie, Feeney and/or Ekker and were intended to harm the Plaintiff.

50.    Defendants Ristvey, Falasco and Menster, the chiefs of police within their respective police departments (Hermitage City Police Department, Borough of Sharpsville Police Department and Sharon City Police Department, respectively), participated in and/or ratified the unlawful conduct of the Defendant Officers within their departments.

51.    Defendant Hermitage failed to properly supervise and train its officers on the proper standards for the investigation and arrest of a suspect under the circumstances present here.

52.    Plaintiff avers that this failure to supervise, train and/or discipline the Defendant Officers has led to numerous unlawful arrest, malicious prosecution and/or other constitutional rights violations against citizens in the City of Hermitage.

53.     Defendant Hermitage has failed to correct these deficiencies in training, supervision and/or discipline.

54.     Defendant Sharon failed to properly supervise and train its officers on the proper standards for the investigation and arrest of a suspect under the circumstances present here.

55.     Plaintiff avers that this failure to supervise, train and/or discipline the Defendant Officers has led to numerous unlawful arrest, malicious prosecution and/or other constitutional rights violations against citizens in the City of Sharon.

56.     Defendant Sharon has failed to correct these deficiencies in training, supervision and/or discipline.

57.     Defendant Sharpsville failed to properly supervise and train its officers on the proper standards for the investigation and arrest of a suspect under the circumstances present here.

58.     Plaintiff avers that this failure to supervise, train and/or discipline the Defendant Officers has led to numerous unlawful arrest, malicious prosecution and/or other constitutional rights violations against citizens in the Borough of Sharpsville.

59.     Defendant Sharpsville has failed to correct these deficiencies in training, supervision and/or discipline.


COUNT I:

PLAINTIFF V. DEFENDANTS HERMITAGE, SHARPSVILLE, SHARON,
RISTVEY, JEWELL, BLAIR, ERICKSON, DILORENZO, MARTIN,
ROGERSON, FALASCO, SHARP, MENSTER AND JOHNSON

UNLAWFUL ARREST IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983, THE FOURTH AND
FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

60.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59

as though fully set forth herein.

61.    As described above, the arrests of the Plaintiff related to the aforementioned charges, together with the ongoing acts by the Defendant Officers to maliciously prosecute the Plaintiff and to economically damage the Plaintiff as described hereinbefore above, constitute repeated violations of the Plaintiff's rights under U.S.C. §1983, as well as the Plaintiff's rights under the United States Constitution, including but not limited to the Fourth and Fourteenth Amendments thereto: specifically, Plaintiff's right to due process of law, as well as the equal protection of the law, as well as the right to be free from unreasonable arrest and seizure.

62.    The wrongful arrest of the Plaintiff, together with the malicious prosecution of the Plaintiff, were the direct and proximate result of the unlawful actions of the Defendant Officers.

63.    The failure of Defendants Hermitage, Sharon and Sharpsville to properly train supervise and/or discipline the Defendant Officers was a direct and proximate cause of the constitutional violations, injuries and damages suffered by the Plaintiff.

64.    The arrests of the Plaintiff as described above were unlawful under the statutory and constitutional sections aforementioned.

65.    The actions of the Defendant Municipalities and Defendant Officers were done under the power and pretense of state law.

66.    The Defendant Officers knew or should have known, through the exercise of the  level of caution that would used by a reasonable police officer, that no probable cause existed to arrest the Plaintiff on any of the charges aforementioned.  Therefore, the investigations, arrests and prosecutions of the Plaintiff regarding these claims were without reasonable basis, and are, therefore, unlawful and improper.

67.    In taking the actions against the Plaintiff as described above, with respect to the unlawful

arrest of the Plaintiff, the Defendant Municipalities and Defendant Officers:

    A.    treated the Plaintiff differently than others similarly situated to him;

    B.    did so intentionally; and

    C.    took the aforementioned actions when there was no rational basis for the different treatment of the Plaintiff compared to other individuals similarly situated to the Plaintiff.

68.    As a direct and proximate result of the actions of Defendant Municipalities and Defendant Officers, the Plaintiff was injured and damaged as follows:

    A.    his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States to be free from arrest without probable cause and right to the equal protection of the law were violated;

    B.    he was subjected to physical pain and suffering, together with other damages, including but not limited to:

        1.    severe emotional distress;

        2.    emotional trauma and suffering;

        3.    he suffered economic damages related to any and all related costs;

        4.    he has suffered other injuries and incurred damages which may become apparent throughout this litigation; and

        5.    his reputation has been irreparably damaged.

    C.    All of the aforementioned damages may be permanent in nature.

69.    The actions of the Defendant Municipalities and Defendant Officers were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

    WHEREFORE, for all the above reasons, the Plaintiff, Glenn Siminick, demands judgment against Defendants Hermitage, Sharpsville, Sharon, Ristvey, Jewell, Blair, Erickson, Dilorenzo, Martin, Rogerson, Falasco, Sharp, Menster and Johnson, jointly and severally, in an amount together with compensatory, economic, non-economic and punitive damages, in excess

of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF V. DEFENDANTS HERMITAGE, SHARPSVILLE, SHARON, RISTVEY, JEWELL, BLAIR, ERICKSON, DILORENZO, MARTIN, ROGERSON, FALASCO, SHARP, MENSTER AND JOHNSON

MALICIOUS PROSECUTION, IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983, THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

70.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 69 as though fully set forth at length herein.

71.     These Defendants initiated multiple criminal proceedings against Plaintiff without probable cause or other legal basis.  As a result, Plaintiff endured great hardship and was deprived of his rights guaranteed to him by the Fourth Amendment of the United States Constitution.

72.     As described above, the arrests and subsequent prosecutions of the Plaintiff, constitute malicious prosecutions of the Plaintiff by these Defendants, in violation of the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

73.     The actions of the Defendants constitute malicious prosecution of the Plaintiff in that:

  A.     the Defendant Officers initiated criminal proceedings against the Plaintiff;

  B.     the decision to prosecute was ratified by the Defendant Municipalities;

  C.     the criminal proceedings ended in Plaintiff's favor;

  D.     the investigation, arrest, seizure and prosecution of the Plaintiff were all initiated without probable cause;

E.    the Defendants acted maliciously and/or for purposes other than bringing the Plaintiff to justice; and

F.    Plaintiff suffered an unlawful seizure of his person, thereby depriving him of liberty.

74.    The actions of these Defendants in investigating, arresting and prosecuting the Plaintiff on charges of trespassing, disorderly conduct and harassment were undertaken without probable cause, without any factual basis and were deliberately false and/or undertaken with reckless disregard for the truth in this matter.

75.    The Defendant Municipalities subsequently ratified the conduct of the Defendant Officers by allowing them to file charges against Plaintiff without any legal basis, and, further, permitted the malicious prosecution of the Plaintiff.

76.    The absence of probable cause, the existence of a constitutionally deficient investigation and the intentional disregard for the truth in this matter demonstrate malice on the part of the Defendant Municipalities and the Defendant Officers.

77.    The actions of these Defendants, and each of them, as aforementioned constitute an arbitrary and unconscionable abuse of government authority.

78.    The subsequent prosecutions of the Plaintiff by these Defendants constitute violations of Plaintiff's rights under the Fourth Amendment.  The prosecutions of the Plaintiff in these matters were undertaken by these Defendants without probable cause, and were undertaken by these Defendants when they knew or should have known that no reasonable basis existed for the arrests and/or prosecutions of the Plaintiff.

79.     The actions of these Defendants were done under the color and pretense of law.

80.     The arrests of the Plaintiff, as well as the alleged investigations which allegedly led to those arrests and prosecutions of the Plaintiff, violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

81.     As a direct and proximate result of the actions of Defendant Municipalities and Defendant Officers, the Plaintiff was injured and damaged as follows:

    A.     his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States to be free from arrest without probable cause and right to the equal protection of the law were violated;

    B.     he was subjected to physical pain and suffering, together with other damages, including but not limited to:

        1.     severe emotional distress;

        2.     emotional trauma and suffering;

        3.     he suffered economic damages related to any and all related costs;

        4.     he has suffered other injuries and incurred damages which may become apparent throughout this litigation; and

        5.     his reputation has been irreparably damaged.

    C.     All of the aforementioned damages may be permanent in nature.

82.     The actions of the Defendant Municipalities and Defendant Officers were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, Glenn Siminick, demands judgment against Defendants Hermitage, Sharpsville, Sharon, Ristvey, Jewell, Blair, Erickson, Dilorenzo, Martin, Rogerson, Falasco, Sharp, Menster and Johnson, jointly and severally, in an amount together with compensatory, economic, non-economic and punitive damages, in excess

of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF V. ALL INDIVIDUAL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,<br>SPECIFICALLY, 42 U.S.C. §1983, CONSPIRACY

83.     The Plaintiff incorporates by reference Paragraphs 1 through 82 as though fully set forth at length herein.

84.     The Defendant Officers and the remaining individual Defendants conspired to engage in the unjust and illegal acts against the Plaintiff described hereinbefore above, and thereby to deprive the Plaintiff of his rights and privileges under the United States Constitution and did, as a direct and proximate result of their actions in furtherance of said conspiracy, injure the Plaintiff and deprive him of said rights and privileges in violation of 42 U.S.C. §1983.

85.     As evidenced by their actions, all individual Defendants agreed to deprive the Plaintiff of his rights as more fully described hereinabove.

86.     Specifically, the Defendant Officers and remaining individual Defendants, acting in conspiracy with and at the behest of Defendant Kuster, conspired to provide false information against the Plaintiff and further, by the use of said information, to effect the arrests and prosecutions of the Plaintiff, and to otherwise harass the Plaintiff,  as aforementioned, after he criticized Defendants Kuster, O'Mahoney, Hinkson and Ekker as described more fully hereinbefore above.

87.     The conspiracy between all individual Defendants, and each of them, continues until present day, including but not limited to attempting to conceal their actions on the dates in question.

88.     The individual Defendants here are liable to the Plaintiff for conspiracy to violate his constitutional rights as more fully set forth below:

    A.    his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States to be free from arrest without probable cause and right to the equal protection of the law were violated;

    B.    he was subjected to physical pain and suffering, together with other damages, including but not limited to:

        1.    severe emotional distress;

        2.    emotional trauma and suffering;

        3.    he suffered economic damages related to any and all related costs;

        4.    he has suffered other injuries and incurred damages which may become apparent throughout this litigation; and

        5.    his reputation has been irreparably damaged.

    C.    All of the aforementioned damages may be permanent in nature.

89.     All of the individual Defendants further conspired to conceal and distort the facts of the incidents as described above, thereby depriving the Plaintiff his rights under the United States Constitution as described more fully hereinbefore above.

    WHEREFORE, for all the above reasons, the Plaintiff, Glenn Siminick, demands judgment against all individual Defendants, jointly and severally, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five

Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANTS HERMITAGE, SHARPSVILLE, SHARON, RISTVEY, JEWELL, BLAIR, ERICKSON, DILORENZO, MARTIN, ROGERSON, FALASCO, SHARP, MENSTER, JOHNSON AND KUSTER

RETALIATION IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983, AND THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

90.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 89 as though fully set forth at length herein.

91.    The acts of the Defendant Municipalities, Defendant Officers and Defendant Kuster constitute a violation of the Plaintiff's rights under U.S.C. §1983, as well as a violation of Plaintiff's right to freedom of speech under the First Amendment of the United States Constitution.

92.    Defendant Kuster, as the solicitor of Defendant Hermitage, retaliated against the Plaintiff by conspiring with the Defendant Officers to unlawfully arrest, maliciously prosecute and harass the Plaintiff after the Plaintiff exercised his First Amendment right to freedom of speech when he openly criticized Defendants Kuster, O'Mahoney, Fait and Marrie as aforementioned.

93.    At the behest of Defendant Kuster, the Defendant Officers, individually and in conspiracy with each other, abused their power to arrest, prosecute and harass Plaintiff in retaliation for Plaintiff exercising his First Amendment right as described above.

94.     The Defendant Municipalities subsequently ratified the conduct of their Defendant

Officers by allowing each of them to file charges against Plaintiff without any legal basis, and,

further, permitted the malicious prosecution of the Plaintiff in retaliation for Plaintiff exercising

his First Amendment right.

95.     The actions of the Defendant Municipalities, Defendant Officers and Defendant Kuster

were done while purporting to act within the full scope of their authority and under the power

and pretense of the law.

96.     The actions of the Defendant Municipalities, Defendant Officers and Defendant Kuster

constitute an arbitrary and unconscionable abuse of government authority.

97.     As a direct and proximate result of the actions of the Defendant Municipalities,

Defendant Officers and Defendant Kuster, as set forth above, the Plaintiff was injured and

damaged as follows:

      A.    his rights under the First Amendment of the Constitution of the United States to enjoy freedom of speech were violated;

      B.    he was subjected to physical pain and suffering, together with other damages, including but not limited to:

          1.    severe emotional distress;

          2.    emotional trauma and suffering;

          3.    he suffered economic damages related to any and all related costs;

          4.    he has suffered other injuries and incurred damages which may become apparent throughout this litigation; and

          5.    his reputation has been irreparably damaged.

      C.    All of the aforementioned damages may be permanent in nature.

98.     The actions of Defendant Officers and Defendant Kuster were willful and deliberate and

taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, Glenn Siminick, demands judgment against Defendants Hermitage, Sharpsville, Sharon, Ristvey, Jewell, Blair, Erickson, Dilorenzo, Martin, Rogerson, Falasco, Sharp, Menster, Johnson and Kuster, jointly and severally, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED


COUNT V:

PLAINTIFF V. ALL INDIVIDUAL DEFENDANTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 98 as though fully set forth at length herein.

100.     The investigation of the Plaintiff, the illegal arrest and seizure and the criminal charges and prosecution brought against the Plaintiff, as described hereinbefore above, were all undertaken, initiated or instituted by the Defendants, and each of them.

101.     The actions of the Defendants were:

        A.     intentional;

        B.     extreme;

        C.     outrageous;

        D.     without privilege; and

        E.     without justification.

102.    The Defendants intended to inflict emotional distress upon the Plaintiff, or the Defendants knew, or should have known, through the use of ordinary caution, that their conduct would result in the emotional distress of the Plaintiff.

103.    Plaintiff's emotional distress, which resulted from the conduct of the Defendants, as aforementioned, was foreseeable and certain.

104.    As a direct and proximate result of the actions of all individual Defendants, Plaintiff suffered emotional distress and physical injuries as described more fully above and below.

105.    As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

106.    The individual Defendants here are liable to the Plaintiff for conspiracy to violate his constitutional rights as more fully set forth below:

    A.    his rights under the First, Fourth and Fourteenth Amendments of the Constitution of the United States were violated;

    B.    he was subjected to physical pain and suffering, together with other damages, including but not limited to:

        1.    severe emotional distress;

        2.    emotional trauma and suffering;

        3.    he suffered economic damages related to any and all related costs;

        4.    he has suffered other injuries and incurred damages which may become apparent throughout this litigation; and

        5.    his reputation has been irreparably damaged.

    C.    All of the aforementioned damages may be permanent in nature.

107.    The actions of all individual Defendants, and each of them, were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all the above reasons, the Plaintiff, Glenn Siminick, demands judgment against all individual Defendants, jointly and severally, in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED


COUNT VI:

PLAINTIFF V. DEFENDANT HAMOR

<u>ASSAULT AND BATTERY</u>

108.    The Plaintiff incorporates by reference Paragraphs 1 through 107 as though fully set forth at length herein.

109.    As described above, on or about May 1, 2013, Defendant Hamor, did, in his individual capacity, unlawfully and intentionally threaten, touch, assault and commit a battery upon the person of the Plaintiff by grabbing his hair and punching him in the face.

110.    Defendant Hamor knew or should have known that such contact was not permitted and that the Plaintiff did not consent to any such intentional contact.

111.    As a direct and proximate result of Defendant Hamor's intentional tort of assault and battery, Plaintiff has suffered the following injuries and damages:

      A.    Plaintiff was physically assaulted by the Defendant;

      B.    Plaintiff suffered and continues to suffer severe emotional and psychological trauma;

      C.    he was subjected to physical pain and suffering;

D.      he has suffered other injuries and incurred damages which may become apparent throughout this litigation; and

E.      his reputation has been irreparably damaged.


WHEREFORE, for all the above reasons, the Plaintiff, Glenn Siminick, demands judgment against the Defendant Hamor in an amount together with compensatory, economic, non-economic and punitive damages, in excess of Seventy-Five Thousand ($75,000.00) Dollars, attorney's fees and costs of suit, and such other damages as the Court deems reasonable and proper.

JURY TRIAL DEMANDED


Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/Joel S. Sansone
PA ID No. 41008
Three Gateway Center, Suite 1700
401 Liberty Avenue
Pittsburgh, Pennsylvania 15222
412.281.9194

s/Massimo A. Terzigni
PA ID No. 317165
Three Gateway Center, Suite 1700
401 Liberty Avenue
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: January 14, 2015